UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA           :
                                                       :    19 Cr. 833 (SHS)
            -against-                              :
                                                       :    OPINION & ORDER
DERREK LARKIN,                              :
                                                       :
                    Defendant.              :
-------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

  Defendant Derrek Larkin, who this Court sentenced to 72 months' imprisonment for his role in a national telemarketing fraud scheme targeting elderly and vulnerable victims, (J., ECF No. 319; Amended J., ECF No. 430), has moved *pro se* to reduce his sentence pursuant to 18 U.S.C. 3582(c)(1)(A), on the grounds that "extraordinary and compelling reasons" warrant that reduction. (Mot., ECF No. 513.)

  In early December of last year, Larkin filed an appeal from his sentence; that appeal remains pending in the United States Court of Appeals for the Second Circuit. Generally, the docketing of an appeal divests this Court of jurisdiction to consider a post-judgment motion. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *United States v. Ransom*, 866 F.2d 574, 575 (2d Cir. 1989); 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 637.10[2] (3d ed. 1997). In *United States v. Ransom*, the district court entered a judgment reducing the defendant's two-year term of supervised release several days after the defendant had filed a notice of appeal. 866 F.2d at 575. The Second Circuit determined that, although district courts are not precluded from "correcting clerical errors . . . or from acting to aid the appeal" after an appeal is filed, they are precluded from making "substantive modifications of judgments." *Id.* at 575–76. District courts in this Circuit have uniformly found that they lack jurisdiction to consider a defendant's motion for compassionate release while an appeal from the defendant's conviction was pending. *See, e.g., United States v. Brodie*, No. 17-cr-171 (MPS), 2021 WL 1406066, at *1–*2 (D. Conn. 2021); *United States v. Alvarez*, No. 18-cr-656 (LTS), 2022 WL 819772, at *1 (S.D.N.Y. 2022); *United States v. Jimenez*, No. 17-cr-512 (KMW), 2021 WL 1885121, at *1 (S.D.N.Y. 2021). Any reduction in Larkin's sentence would indeed be a "substantive modification" of the judgment, and accordingly, cannot be granted while the appeal is pending.

  However, the Federal Rules of Criminal Procedure were amended in 2012 to

permit a district court to issue an indicative ruling on a motion for relief that would otherwise be barred by a pending appeal. Pursuant to Rule 37, the Court has three potential courses of conduct "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." Fed. R. Crim. P. 37(a). The Court may "(1) defer considering the motion; (2) deny the motion; or (3) state that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a)(1)–(3). Here, because the Court would deny Larkin's motion if no appeal were pending, the Court now denies the motion in an indicative ruling pursuant to Rule 37.

18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a defendant's sentence if: 1) the "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or a lapse of 30 days from the receipt of such a request by the warden of the defendant's facility"; 2) "extraordinary and compelling reasons warrant such a reduction"; and 3) the reduction would be consistent with "the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). As an initial matter, defendant has exhausted his administrative remedies. (Mot. at 3, ECF No. 513.)

Nevertheless, the Court finds that there are no "extraordinary and compelling reasons" favoring a reduction in Larkin's sentence. Larkin cites to medical concerns as the primary basis for his motion. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Larkin was also transferred out of FMC Devens, a federal medical center, and into FCI Allenwood Low because the BOP adjudged him healthier than he had reported to be and not in need of the medical care provided by a federal medical center such as Devens. (Gov't Opp'n at 12, ECF No. 525.) Furthermore, the BOP has deemed Larkin eligible to receive the COVID-19 vaccine. (Id. At 11.) Finally, at 38 years old, Larkin does not face an elevated risk of COVID-19 related to age. The defendant's eligibility for vaccination, coupled with his age █████████████████████████ ████████████████████████████████████████, militate against the finding of "extraordinary and compelling reasons" to reduce his sentence.

Nor does the Court find that a reduction in Larkin's sentence would be

consistent with the factors set forth in 18 U.S.C. § 3553(a). These factors require the Court to consider, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(4)(A).

Larkin's sentencing guideline range was 151 to 188 months, which reflects the severity of his crime of conviction – conspiracy to commit wire fraud – and his role as a salesperson in a national telemarketing scheme targeting the elderly. (PSR ¶ 108.) Larkin's guideline range also reflects his significant criminal history category of VI, based on several prior crimes, including violating a restraining order, theft, burglary, possession of a weapon with an unlawful purpose, aggravated assault, and possession with intent to distribute cocaine. (PSR ¶¶ 48–52.) The defendant committed the instant offense while on supervised release for a federal narcotics conviction, for which he served a sentence of 70 months of imprisonment and was serving four years of supervised release. (PSR ¶¶ 52, 54.) Pursuant to his plea agreement with the government, Larkin's guideline range was 92 to 115 months. (PSR ¶ 109.)

At sentencing, the Court varied downward from the guidelines range, taking into account Larkin's role as a salesperson and not a manager in the conspiracy, his remorse, and his young family, among other personal circumstances. (Tr. 30, ECF No. 354.) The Court sentenced Larkin to 72 months' imprisonment plus five years of supervised release based both on his significant criminal history as well as on sentences given to defendants in a related conspiracy, *United States v. Ketabchi*, 17-cr-243. (Tr. 26–27, ECF No. 354.), and similarly situated defendants in general. *See* 18 U.S.C. § 3553(a)(6) (including "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" as a sentencing factor); *United States v. Toohey*, 132 F. App'x 883, 886 (2d Cir. 2005); *United States v. Joyner*, 924 F.2d 454, 460 (2d Cir. 1991) (Congress's "objective" with section 3553(a)(6) "was to eliminate unwarranted disparities nationwide"). The Court also considered the widespread nature of the telemarketing fraud and the severe damage it caused to the livelihoods and wellbeing of the victims. *Id.* The fact that Larkin was on supervised release following a 70-month prison term for a federal narcotics conviction when charged with his crime here was highly relevant to the sentence he received.

Accordingly, defendant's motion is denied due to the lack of extraordinary and compelling circumstances as well as the fact that the section 3553(a) factors do not

support a reduction in his sentence.

Dated: New York, New York
April 19, 2022

SO ORDERED:

*[signature]*

Sidney H. Stein, U.S.D.J.