UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

Derrek Larkin,

Defendant.

19-CR-833 (SHS)

ORDER

---

SIDNEY H. STEIN, District Judge:

    Defendant Derrek Larkin has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c), commonly referred to as the compassionate release statute. (ECF No. 809.) For the reasons that follow, the Court denies Larkin's motion.

    On January 21, 2021, the defendant pleaded guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and was subsequently sentenced principally to a term of imprisonment of 72 months. (ECF No. 354.) The Court determined that the Guidelines offense level was 29, the Criminal History Category was VI, and the resulting Guidelines range was 151 to 188 months. (Sentencing Tr., ECF No. 354 at 7:23-8:3.) The Court varied downward from the Guidelines range based on the defendant's remorse, his family circumstances, and the fact that he was gainfully employed as an ironworker. (*Id.* at 27:9-15, 30:7-10.) Larkin has now served approximately 37 months of his sentence.

    Shortly after reporting to prison, Larkin moved to vacate his sentence pursuant to 28 U.S.C. § 2255 on the grounds that his medical needs were not being addressed by the Bureau of Prisons and that there was an unwarranted disparity between his sentence and the sentences imposed on his allegedly more culpable co-defendants. That petition was denied by this Court on May 23, 2022 on the grounds that in his plea agreement Larkin had waived his right to collaterally attack his sentence and that his claim of sentencing disparities was meritless. *United States v. Larkin*, No. 19 CR. 833, 2022 WL 1651128 (S.D.N.Y. May 24, 2022).

1

Defendant then filed a *pro se* motion for compassionate relief on the grounds that the COVID-19 pandemic posed a great risk to his life and health. That motion was denied on the grounds that his medical concerns did not rise to the level of extraordinary and compelling. *United States v. Larkin*, No. 19 CR. 833, 2022 WL 1154313 (S.D.N.Y. Apr. 19, 2022).

In July 2024, defendant, now represented by counsel, filed this second motion for compassionate release. (ECF No. 809.) The compassionate release statute, 28 U.S.C. § 3582(c)(1)(A), permits a court to reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction"; the factors set forth in 18 U.S.C. § 3553(a), weigh in favor of a reduction; and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 28 U.S.C. § 3582(c)(1)(A). Larkin submits the fact that his grandmother needs him to provide her care constitutes an "extraordinary and compelling reason" pursuant to U.S.S.G. § 1B1.13(b)(3)(D) justifying a reduction in his sentence. That provision sets forth that an extraordinary and compelling reason exists "when the defendant would be the only available caregiver for such family member or individual." U.S.S.G. 1B1.13(b)(3)(D). Importantly, the record here reflects that other family members appear to be available to care for defendant's grandmother. Specifically, the medical records attached to Larkin's motion show that his mother brought his grandmother to the doctor, that a grandson makes her dinner, and that a "woman comes in twice a week to provide companionship and some housework." (ECF No. 809-2 at 2.) Larkin simply is not "the only available caregiver," as required by section 1B1.13(b)(3)(D).

The compassionate release statute also permits a court to reduce a defendant's sentence if he had been sentenced based on a guidelines range that has been subsequently lowered by the Sentencing Commission. *See* 28 U.S.C. § 3582(c)(2). Larkin contends that recently enacted Amendment 821 to the sentencing guidelines lowers his guidelines range to 140-175 months. (ECF No. 809 at 5.) However, a "court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Larkin's 72-month sentence was far below the 140-month minimum of what Larkin urges is the bottom of his amended guidelines range. Accordingly, he is ineligible for a reduction pursuant to section 3582(c)(2).

The Court has also considered each of the factors set forth in 18 U.S.C. § 3553(a) and finds that they weigh against a reduction of the defendant's sentence pursuant to 18 U.S.C. § 3582(c). These factors require the Court to consider, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote

respect for the law, and to provide just punishment for the offense," as well as "the need to avoid unwarranted sentence disparities." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(6).

The nature and circumstances of the defendant's crimes are serious and concerning. He participated in a widespread telemarketing scheme to defraud elderly victims of their life's savings and caused widespread damage to the victims' lives. As the scheme's "opener," Larkin would "get people on the phone and just ask them if they wanted to invest in these businesses" and then pass them over to the salesmen, while knowing that "there was no opportunity" "to potentially make money." (ECF No. 445 at 23:5-22.) In fact, in this scheme, defendant targeted victims who had lost all of their money in a previous fraud and offer them relief via "settlement of [their] various credit card debts." (ECF No. 354 at 21:8-22:9.) Although he was a salesperson for the scheme rather than an organizer or manager, he was responsible for between $1.5 million and $3.5 million in losses. (PSR, ECF No. 336 at ¶ 29.) When law enforcement eventually appeared, defendant "engaged in obstruction and wiped evidence from his cell phone." (*Id.*) The defendant also committed these crimes after having previously served a 70-month term of imprisonment for a federal narcotics conviction for possessing cocaine with the intent to distribute.

Because the defendant has not shown the existence of an extraordinary and compelling reason to warrant a reduction in his sentence and the factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of a reduction, it is hereby ORDERED that the defendant's motion for a reduction of sentence is denied.

Dated: New York, New York
       March 14, 2025

SO ORDERED:

Sidney H. Stein, U.S.D.J.