UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

UNITED STATES OF AMERICA,

-v-

DERREK LARKIN,

Defendant.

19-cr-833 (SHS)

OPINION & ORDER

------------------------------------------------

SIDNEY H. STEIN, U.S. District Judge.

Derrek Larkin has moved for a sentence reduction pursuant to the compassionate release statute, 18 U.S.C. § 3582(c), for a third time. (Dkt. No. 885 ("Mot.").) The Court denies Larkin's motion because Larkin has failed to show "extraordinary and compelling reasons" warranting a sentence reduction and because the sentencing factors set forth in 18 U.S.C. § 3553(a) do not favor a sentence reduction.

Larkin pleaded guilty to conspiracy to commit wire fraud on January 21, 2021, and was sentenced to 72 months' imprisonment on August 2, 2021. (*See* Dkt. No. 319.) That 72-month sentence of incarceration was a substantial downward variance from the applicable U.S. Sentencing Guidelines range of 151 to 188 months' imprisonment. (Dkt. No. 354 ("Sentencing Tr.") at 7:23–8:3; 27:9–15, 29:25–30:13.) Larkin has now served approximately 49 months of his sentence and is currently scheduled to be released in August 2026.

Throughout his imprisonment, Larkin has pursued various avenues for potential relief from his sentence. He filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255 in February 2022 (Dkt. No. 476), a motion for compassionate release in March 2022 (Dkt. No. 513), and a second motion for compassionate release in July 2024 (Dkt. No. 809). The Court has denied all three motions. (Dkt. Nos. 532, 560, 866.) Larkin filed this third motion for compassionate release *pro se* in July 2025. (Mot.)

The compassionate release statute permits a court, after considering the factors set forth in 18 U.S.C. § 3553(a), to reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Larkin's motion identifies a number of reasons he contends warrant a sentence reduction, including the COVID-19 pandemic's exacerbation of the punitive character of Larkin's imprisonment (Mot. at 4–5); the need for Larkin to care for his ill grandmother

(*id.* at 5–7); the conditions of Larkin's confinement, including the failure of the Bureau of Prisons ("BOP") to provide Larkin a medically necessary CPAP machine and mental health treatment (*id.* at 9–10); and Larkin's rehabilitation while in prison (*id.* at 7–9). The Court construes Larkin's *pro se* motion liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), to "raise the strongest arguments that [it] suggest[s]," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

The Court has thoroughly considered the reasons advanced in Larkin's motion and concludes that they are not extraordinary and compelling reasons warranting a sentence reduction.

*First*, Larkin contends that the COVID-19 pandemic has caused his sentence to be more punitive than the Court intended because Larkin's health conditions heighten the risk to him should he contract COVID-19 and because BOP staffing shortages caused by the pandemic have resulted in frequent lockdowns, reduced programming and other services, and smaller food portions. (Mot. at 4–5.) Larkin's contention that his individual health problems have resulted in a sentence that is harsher than the Court intended is belied by the fact that the Court sentenced Larkin in August 2021, well after the onset of the pandemic in March 2020, and was aware of Larkin's "significant health problems" at the time it imposed a 72-month sentence. (Sentencing Tr. at 19:19–22.) Larkin's contentions regarding the prison-wide consequences of BOP staffing shortages—lamentable though those consequences are—do not present extraordinary and compelling reasons warranting a reduction in Larkin's individual sentence. *See United States v. Abad*, No. 01-cr-831, 2026 WL 279421, at *3 (S.D.N.Y. Feb. 3, 2026) (stating that the "harsh conditions of confinement during the pandemic, without more, do not constitute extraordinary and compelling circumstances justifying a sentence reduction" and noting that "courts have held that universal conditions within prisons do not give rise to extraordinary and compelling circumstances" (internal quotation marks and citations omitted)); *United States v. Gonzalez*, No. 19-cr-467, 2022 WL 16919842, at *5 (S.D.N.Y. Nov. 14, 2022).

*Second*, Larkin contends that he is "the 'best' person to give proper care to his debilitated grandmother . . . who suffers from a multitude of medical ailments" and that this is an extraordinary and compelling reason warranting a sentence reduction pursuant to U.S.S.G. § 1B1.13(b)(3)(D). (Mot. at 5–7.) The Court finds Larkin does not present an extraordinary and compelling reason on this basis because U.S.S.G. § 1B1.13(b)(3)(D) applies only when a defendant is "the only available caregiver" to an incapacitated or minor family member and, according to the letters Larkin attaches to his motion, other family members are available to provide at least part-time care for his grandmother. (*See* Mot. at 14–15 (letters from Larkin's mother and brother).)

2

*Third*, Larkin states that he was not properly provided with "a medical C-PAP [machine] that this very Court ordered prison staff to provide to" him, which Larkin states "has had a drastic impact on [his] mental health," and that Larkin's requests for mental health treatment have gone unanswered. (*Id.* at 9–10.)  Larkin also states that prison staff are "now targeting [him] [due] to the civil suit he filed" based on these issues. (*Id.* at 10.)  Taking Larkin's statements as true for the purposes of this motion, the Court find that these conditions do not constitute "extraordinary and compelling reasons" warranting a sentence reduction under the compassionate release statute. *See United States v. Davidson*, No. 15-cv-288, 2022 WL 484829, at *3 (S.D.N.Y. Feb. 17, 2022) (denying compassionate release when defendant asserted a complete lack of programming, lack of access to mental and medical health care, long periods without recreation, extended periods of lockdown, and anxiety); *United States v. Farmer*, No. 19-cr-427, 2022 WL 47517 (S.D.N.Y. Jan. 5, 2022) (denying compassionate release when defendant asserted harsh and restrictive conditions of confinement, including "months of lockdowns, isolation in quarantine, fear of infection, and a lack of access to programing"); *United States v. Padilla*, No. 18-cr-454, 2020 WL 3958790, at *1 (S.D.N.Y. July 13, 2020) (denying motion for compassionate release while recognizing that defendant had "identified sub-optimal conditions of confinement" such as the lack of drug abuse programs).

*Fourth*, Larkin contends that, when taken in conjunction with the other factors raised in his motion, his rehabilitation while in prison supports a finding that extraordinary and compelling reasons exist and warrant a sentence reduction. (*Id.* at 7–9.)  Because the Court concludes that none of the other reasons Larkin raises is extraordinary and compelling, Larkin's asserted rehabilitation by itself does not constitute an extraordinary and compelling reason warranting a sentence reduction, as set forth specifically in 28 U.S.C. § 944(t): "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."

The sentencing factors set forth in 18 U.S.C. § 3553(a) also weigh against granting Larkin's motion.  These factors require the Court to consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(6).

The section 3553(a) factors, which the Court carefully weighed when it originally imposed a 72-month sentence of incarceration, support Larkin's current sentence and weigh against a sentence reduction.  As the Court set forth in its denial of Larkin's second compassionate release motion, "the nature and circumstances of the defendant's

3

crimes are serious and concerning." *United States v. Larkin*, No. 19-cr-833, 2025 WL 835865, at *2 (S.D.N.Y. Mar. 14, 2025). "Larkin participated in a widespread telemarketing scheme to defraud elderly victims of their savings and caused serious damage to the victims' lives." *Id.* After law enforcement began investigating the scheme, Larkin deleted evidence from his cell phone in an effort to obstruct the investigation. *Id.* And Larkin did all this after having previously served a 70-month term of imprisonment for a federal narcotics conviction. *Id.* For these reasons, the section 3553(a) factors militate against reducing Larkin's sentence.

The Court accordingly denies Larkin's motion for compassionate release. The Clerk of Court shall mail a copy of this Opinion & Order to Larkin at the following address: Derrek Larkin [05869-087], RRM Philadelphia, Residential Reentry Office, 2nd & Chestnut St. – 7th Floor, Philadelphia, PA 19106.

Dated: New York, New York
       February 18, 2026

SO ORDERED:

Sidney H. Stein, U.S.D.J.